Affirmed and Opinion filed December 16, 2004









Affirmed
and Opinion filed December 16, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-03-01433-CV

____________

 

PATSY FRANCO,
INDIVIDUALLY AND AS NEXT FRIEND OF JESSE RYAN VILLANUEVA, ALYSSA VILLANUEVA,
VICTORIA VILLANUEVA, AND PETE VILLANUEVA, MINORS, AND JESSE VILLANUEVA,
Appellants

 

V.

 

SLAVONIC
MUTUAL FIRE INSURANCE ASSOCIATION, JED WALZEL, SOUTHLAND SERVICES, INC., CARL
KING, AND ERNIE AFFLITTO, Appellees

 



 

On Appeal from the 149th
District Court

Brazoria County, Texas

Trial Court Cause No. 16153*RM01

 



 

O P I N I O N








Appellants, Patsy Franco, individually and
as next friend of her four children Jesse Ryan, Alyssa, Victoria, and Pete
Villanueva, and Jesse Villanueva, her husband, appeal summary judgments granted
in favor of appellees.  This suit arises
from a claim filed by Patsy Franco, the insured, with her insurer seeking
coverage under a fire and extended coverage insurance policy for damage caused
by a plumbing leak in her home. 
Appellants, Patsy Franco and her family, filed suit against appellees,
the insurer, adjuster, and individuals who handled the insurance claim,
alleging breach of contract and extra-contractual causes of action stemming
from alleged misrepresentations made concerning the policy and the handling of
the claim.  We affirm.

Factual and
Procedural Background

On June 18, 2000, Patsy Franco noticed
water on her porch.  It was discovered
that the water was the result of a plumbing leak in her home.  She notified her insurer, Slavonic Mutual
Fire Insurance Association, of the plumbing leak and sought coverage for the
cost of repairing the damage caused by the plumbing leak under a fire and
extended coverage insurance policy issued by Slavonic insuring her home from
certain losses.[1]


Jed Walzel, secretary of Slavonic,
acknowledged Franco=s claim and hired Southland Services, Inc.
to inspect the premises at Franco=s residence and
adjust the claim.  Southland assigned the
claim to individual adjustors Ernie Afflitto and Carl King.  King contacted Franco about her claim and
instructed her to contact a plumber.  The
section of the pipe that was leaking was located within the wall cavity, and
King authorized the kitchen wall to be opened for plumbing repairs.  It was discovered that the leak was caused by
a hole in a drain pipe connected to the kitchen sink that leaked only when the
sink was used.  Franco did not know how
long the pipe had been leaking. 








After the plumbing repairs were made, King
returned to Franco=s home, inspected the damage, and prepared
an estimate of the repairs.  On July 7,
2000, King sent his estimate of the cash value of the repairs to Slavonic.  King estimated the amount of the actual cash
value of the repairs as $3,930.55, less a $250 deductible, for a total cash
value of $3,680.55.  On July 18, 2000,
Slavonic tendered a check in that amount to Franco.  Slavonic also paid an invoice  in the amount of $285 for emergency services
at the Franco residence related to the plumbing leak.  Franco did not cash the check for
$3,680.55.  

On July 21, 2000, Southland was notified
by John Kubala, Franco=s designated appraiser, that Franco was
invoking the appraisal provision of the Slavonic policy.  On July 31, Walzel received a fax from
Southland transmitting Franco=s demand for
appraisal.  The appraisal provision in
the policy provides the following:

Appraisal.  In case the insured and this Company shall
fail to agree as to the actual cash value or the amount of loss, then, on the
written demand of either, each shall select a competent and disinterested
appraiser and notify the other of the appraiser selected within twenty days of
such demand.  The appraisers shall first
select a competent and disinterested umpire; and failing for fifteen days to
agree upon such umpire, then, on request of the insured or this Company, such
umpire shall be selected by a judge of a district court of a judicial district
where the loss occurred.  The appraisers
shall then appraise the loss, stating separately actual cash value and loss to
each item; and, failing to agree, shall submit their differences only to the
umpire.  An award in writing, so
itemized, of any two when filed with this Company, shall determine the amount
of actual cash value and loss.  Each
appraiser shall be paid by the party selecting him and the expenses of
appraisal and umpire shall be paid by the parties equally.  

On August 14, 2000, Afflitto notified Kubala that
Slavonic designated Sergio Garibay as its appointed appraiser.  

In mid-July 2000, prior to Garibay=s appointment as
Slavonic=s appraiser,
Southland had contacted Garibay to examine the premises of the Franco home and
determine the cause of the damage, and Garibay issued a report regarding his
examination of the Franco residence and his findings.  Franco protested Garibay=s appointment as
Slavonic=s appraiser
because of his previous investigation of the leak.  However, on October 4, 2000, Kubala and
Garibay agreed on the appointment of Lynn Taylor as the umpire, and the
appraisal process moved forward.  








Franco and Kubala claimed mold in Franco=s home was caused
by water from the plumbing leak and needed to be tested.  Kubala estimated the cost of repair as
$12,397.72.  Garibay disagreed with
Kubala=s estimate and,
instead, agreed with an estimate prepared by Southland estimating the cost of
repair as $4,002.[2]


On December 28, 2000, Taylor sent a
proposed appraisal award to Kubala and Garibay proposing $8,273.53 as the cost
of repair and $6,863.03 as the amount of the loss with depreciation
deducted.  Taylor=s proposed award
included an allowance for Amold treatment@ but not for any
special remediation effort because Taylor had Anot been presented
with any information that the mold condition that presently exists is one that
warrants special environmental remediation.@

On January 13, 2001, Taylor submitted a
revised, proposed award to Kubala and Garibay. 
Taylor and Kubala both agreed to the revised proposed award of $8,350.51
for the cost of repair and $6,902.03 for the actual amount of loss, and
Slavonic paid Franco $6,652.03 on January 22, which represented the actual
value of the loss as determined by the revised, proposed award agreed to by
Kubala and Taylor, less the $250 deductible specified in the policy.  Franco accepted payment and deposited the
check.








In June 2001, appellants filed suit
against Slavonic, Walzel, Southland, Afflitto, and King, alleging violations of
Texas Insurance Code articles 21.21 and 21.55 and the Texas Deceptive Trade
Practices Act (ADTPA@) and claims of
negligent misrepresentation, fraud, breach of contract, breach of the duty of
good faith and fair dealing, breaches of warranty,  unconscionable conduct, gross negligence, and
malice.  All of appellants= claims stem from
alleged misrepresentations made by appellees concerning the policy and its
coverage and the appellees= alleged
mishandling of Franco=s claim.[3]  Appellants sought economic and mental anguish
damages, treble damages under the DTPA, exemplary damages, and attorney=s fees. 

In April 2003, Slavonic and Walzel filed a
joint motion for summary judgment (ASlavonic=s motion@) asserting
traditional and no-evidence grounds as follows: 

1.       The Plaintiffs submitted their
contractual claim to binding appraisal under the policy [and the appraisal
award] was paid by Defendant Slavonic;

2.       The Plaintiffs are estopped to claim
additional damages under the policy of insurance since they have retained the
benefit of the appraisal award paid by Slavonic;

3.       The Plaintiffs= contractual claims are not covered
under the policy because the plumbing leak was not sudden but was a repeated
leak over at least a period of weeks;[4]

4.       The summary judgment evidence establishes
that no misrepresentation/fraud took place, the claims are barred by the
applicable statute of limitations, or, in the alternative there is no evidence
to support Plaintiffs= misrepresentation/fraud claims;

5.       The
summary judgment evidence establishes compliance with the provisions of Art.
21.55 of the Texas Insurance Code as a matter of law;

6.       There is no evidence to support
Plaintiffs= claims of violations of Art. 21.21
of the Texas Insurance Code or the Texas DTPA or that Plaintiffs were damaged
thereby;

7.       There is no evidence to support
Plaintiffs= Art. 21.21, DTPA and
misrepresentation/fraud claims against Jed Walzel; and 








8.       There is no evidence that
Slavonic or Walzel prevented Plaintiffs from     remediating
their premises or intentionally, knowingly, recklessly or     negligently caused the minor Plaintiffs any
bodily injury.

Appellants filed a response and specially
excepted to Slavonic=s motion, contending it is unclear what
type of summary judgment motion, traditional or no-evidence, Slavonic
filed.  The trial court specifically
denied Slavonic=s motion for summary judgment with respect
to the lack of coverage ground, but granted the motion in all other respects,
ordering that appellants take nothing as to Slavonic and Walzel. 

In June 2003,
Southland, Afflitto, and King jointly moved for summary judgment (ASouthland=s motion@) on both
traditional and no-evidence grounds. 
Southland=s motion alleged summary judgment was
proper based on the following:  (1)
because appellants= claims against Slavonic failed, their
claims against Slavonic=s agents, Southland, King, and Afflitto,
also must fail; (2) appellants= acceptance of the
appraisal award waives appellants= claim for
insurance benefits; (3) the summary judgment evidence shows Slavonic paid
Franco=s plumbing-leak
claim in its entirety as determined by appraisal, thus Southland, King, and
Afflitto are entitled to summary judgment on appellants= DTPA and
insurance code claims premised upon the contention that the claim was denied;
and (4) appellants have no evidence to support certain elements of their
article 21.21, DTPA, and negligence/gross negligence claims.  In August 2003, the trial court signed a AFinal Judgment of
Dismissal@ granting Southland=s summary judgment
motion. 

Discussion








Appellants
challenge the summary judgments rendered in favor of appellees Slavonic,
Walzel, Southland, King, and Afflitto in five issues, arguing: (1) the trial
court abused its discretion in overruling their special exception to Slavonic=s motion; (2)
Slavonic=s payment of the
appraisal award does not dispose of appellants= breach of
contract claim; (3) Slavonic=s motion fails to
show there are no fact issues as to any elements of appellants= extra-contractual
causes of action; (4) Southland=s motion does not
establish that there are no fact issues as to any elements of appellants= extra-contractual
causes of action; and (5) fact issues preclude no-evidence summary judgment in
favor of Southland, Afflitto, and King.

Standard of Review

The movant for
summary judgment has the burden to show that there is no genuine issue of
material fact and that it is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546,
548 (Tex. 1985).  We review the summary
judgment evidence using familiar standards of review.  See Dolcefino v. Randolph, 19 S.W.3d
906, 916-17 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied).  

A defendant moving
for traditional summary judgment assumes the burden of showing as a matter of
law the plaintiff has no cause of action against him.  Levesque v. Wilkens, 57 S.W.3d 499,
503 (Tex. App.CHouston [14th Dist.] 2001, no pet.).  Traditional summary judgment for a defendant
is proper only when the defendant negates at least one element of each of the
plaintiff=s theories of recovery, or pleads and
conclusively establishes each element of an affirmative defense.  Science Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 911 (Tex. 1997).  A
defendant may file a Ano evidence@ motion for
summary judgment, after sufficient time for discovery has passed, if there is
no evidence of one or more essential elements of a claim or defense on which an
adverse party would have the burden of proof at trial.  See Tex.
R. Civ. P.  166a(i).  As with the traditional summary judgment, in
reviewing a Ano evidence@ summary judgment,
we review the evidence in the light most favorable to the non‑movant and
disregard all evidence and inferences to the contrary.  Coastal Conduit & Ditching, Inc. v.
Noram Energy Corp., 29 S.W.3d 282, 284 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).








Because the
propriety of summary judgment is a question of law, we review the trial court=s decision de
novo.  See Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex.2003).  In an appeal from a summary judgment, issues
an appellate court may review are those the movant actually presented to the
trial court.   Travis v. City of
Mesquite, 830 S.W.2d 94, 100 (Tex. 1992). 
When the trial court grants summary judgment specifically on fewer than
all grounds asserted, Rule 166a does not prevent an appellate court from
affirming the judgment on other grounds the parties properly raised before the
trial court.  Cincinnati Life Ins. Co.
v. Cates, 927 S.W.2d 623, 625 (Tex. 1996). 
If the trial court grants a motion for summary judgment without stating
the grounds on which it relied, we must affirm the summary judgment if any
ground argued in the motion was sufficient. 
Star‑Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex.
1995);  Blan v. Ali, 7 S.W.3d 741,
747‑48 (Tex. App.CHouston [14th Dist.] 1999, no pet.).  

I.        Slavonic=s Motion for
Summary Judgment

A.      The Special Exception to Slavonic=s Motion for
Summary Judgment

In issue one,
appellants challenge the trial court=s denial of their
special exception to Slavonic=s motion.  In their response to Slavonic=s motion,
appellants complained by special exception that Slavonic=s motion was vague
and unclear in that they were unable to tell whether the motion was a
traditional, no-evidence, or a hybrid motion for summary judgment.[5]  Appellants requested that Slavonic be
required to replead the motion for summary judgment with more specificity Aso as to identify
what type of motion it is and clearly distinguish between traditional grounds
and any no-evidence grounds asserted.@








When a summary
judgment is attacked on specificity grounds, a special exception is
required.  McConnell v. Southside
Indep. Sch. Dist., 858 S.W.2d 337, 342 (Tex. 1993) (AAn exception is
required should a non‑movant wish to complain on appeal that the grounds
relied on by the movant were unclear or ambiguous.@).  The excepting party must obtain a ruling on
the special exception to preserve the issue for appeal.  McConnell, 858 S.W.2d 337, 343 n.7;
Dolcefino, 19 S.W.3d at 925-26; see also Rosas v. Hatz, __ S.W.3d
__, No. 10-01-00214-CV, 2004 WL 1903288, at *1 (Tex. App.CWaco Aug. 25,
2004, no pet. h.) (refusing to infer a ruling on a special exception based only
upon the trial court=s disposition of the summary judgment
motion standing alone); Well Solutions, Inc., v. Stafford, 32 S.W.3d
313, 316-17 (Tex. App.CSan Antonio 2000, no pet.) (holding Aa trial court=s ruling on an
objection to summary judgment evidence is not implicit in its ruling on the motion
for summary judgment; a ruling on the objection is simply not >capable of being
understood= from the ruling on the motion for summary
judgment@).  As a general rule, a complaint is preserved
for appellate review only if the record establishes the complaint was made
known to the trial court in a timely manner, and the trial court ruled on the
complaint.  See Tex. R. App. P. 33.1(a).

Appellants concede
that the trial court did not explicitly rule on their special exception.  Instead, appellants contend that the trial
court implicitly overruled their special exception pursuant to Rule 33.1
by (1) granting Slavonic=s motion and not requiring Slavonic to
replead its summary judgment grounds, and (2) refusing to sign an order setting
forth its denial of the special exception or the bases for granting Slavonic=s motion for
summary judgment when appellants reurged the special exception in their motion
for reconsideration.  See Tex. R. App. P. 33.1(a)(2)(A).  Slavonic and Walzel contend that appellants
have waived appellate review of this issue by not obtaining a ruling on their
special exception in the court below. 








We examine the
record to determine whether or not appellants obtained a ruling on the special
exception.  First, with regard to
appellants= arguments pertaining to their motion for
reconsideration, despite their assertions to the contrary, nowhere in
the motion for reconsideration do appellants request the trial court to
reconsider or rule on the special exception. 
Thus, the trial court=s denial of the
motion for reconsideration is not an implicit ruling on their special
exception.  See Alejandro v. Bell,
84 S.W.3d 383, 388 (Tex. App. Corpus Christi 2002, no pet.) (holding trial
court implicitly ruled on objections to summary judgment evidence where the
appellant complained in his motion for new trial of the trial court=s refusal to rule
on his objections).

Second, we address
appellants= contention that the trial court=s order granting
summary judgment in favor of Slavonic constitutes an implicit denial of
appellants= special exception.  Appellants contend a denial is implied
because the trial court did not order Slavonic to replead its motion for
summary judgment.  Slavonic and Walzel
counter that the entry of summary judgment could just as easily evidence an
abandonment of the issue in the trial court by appellants and, in addition,
holding the entry of a summary judgment constitutes an implicit denial of a
special exception would render the refusal to rule provision of Rule 33.1(a)
meaningless.  

In light of the
relevant rules and caselaw, we simply are unable to infer from the record in
this case that the trial court implicitly overruled or implicitly made any
ruling regarding appellants= special
exception.  See Dolcefino, 19
S.W.3d at 926-27.  The summary judgment
order does not mention the special exception, and a ruling on the special
exception cannot be inferred based solely upon the disposition of Slavonic=s summary judgment
motion.  Appellants were required to
obtain a ruling, and they failed to do so.[6]  Having failed to preserve the issue for
review, we overrule appellants= first issue.

 








B.      The Appraisal Award

In issue two,
appellants assert (1) the appraisal award should be set aside because the
appraisal was not conducted in substantial compliance with the insurance
policy, and (2) even if the appraisal award is valid, Slavonic=s payment of the
appraisal award is not dispositive of the breach of contract action alleged
against Slavonic and Walzel.[7]

Appellants contend
the appraisal award should be set aside because Garibay was an interested,
prejudiced, and biased appraiser, due to his status as an investigating
engineer for Southland and the fact that he already had issued a report
containing his opinions regarding the scope of appellants= damages and
coverage prior to his appointment as appraiser. 
Additionally, for the first time on appeal, appellants contend that the
award should be set aside because Garibay did not follow the procedure for the
appraisal process because he did not submit an appraisal for consideration by
Kubala or Taylor in accordance with the appraisal provision of the policy. 








Because appellants
did not raise the second asserted basis for setting aside the appraisal award
in their response to Slavonic=s motion in the
trial court, we may only examine whether the summary judgment evidence raised a
fact issue as to whether Garibay was biased and, if so, whether evidence of
such bias raises a fact issue as to the appraisal award=s validity.[8]  See Tex.
R. App. P. 33.1(a); City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979).

Texas courts have
long held that appraisal awards made pursuant to the provisions of an insurance
contract are binding and enforceable, and every reasonable presumption will be
indulged to sustain an appraisal award.  Providence
Lloyds Ins. Co.  v.  Crystal City Indep.  Sch. Dist., 877 S.W.2d 872, 875 (Tex.
App.CSan Antonio 1994,
no writ).  The effect of an appraisal
provision is to estop one party from contesting the issue of damages in a suit
on the insurance contract, leaving only the question of liability for the
court.  Wells v. American States
Preferred Ins. Co., 919 S.W.2d 679, 683-85 (Tex. App.CDallas 1996, writ
denied) (analyzing similar appraisal provision and concluding authority of
appraisal panel limited to determining only the amount of loss).  Because every reasonable presumption will be
indulged to sustain an appraisal award, the burden of proof is on the party
seeking to avoid the award.  Barnes v.
Western Alliance Ins. Co., 844 S.W.2d 264, 267 (Tex. App.CFort Worth 1992,
writ dism=d by agr.).  Texas courts recognize three situations in
which the results of an otherwise binding appraisal may be diregarded:  (1) when the award was made without
authority; (2) when the award was made as a result of fraud, accident, or
mistake; or (3) when the award was not in compliance with the requirements of
the policy.  Wells, 919
S.W.2d  at 683; Providence Lloyds Ins.
Co., 877 S.W.2d at 875.








Appellants argue
that exception (1) applies; specifically, that AGaribay had a
predetermined opinion as to what the scope of his appraisal would be and was,
therefore, bias[ed] against the Franco family.@  We are required to view the summary judgment
proof in the light most favorable to appellants and to resolve against Slavonic
any doubt as to the existence of a genuine issue of material fact.  The evidence relied upon by appellants to
support their claim of bias consists of (1) Franco=s statement in a
deposition excerpt that Garibay was an engineer hired by Southland to inspect
their home and that he was appointed as an appraiser, and (2) Garibay=s affidavit in
which he acknowledges being hired by Southland in mid-July 2002 to conduct an
examination of appellants= house in order to determine the cause of
the damage from a plumbing leak and discusses his observations and conclusions
concerning the leak.

Upon reviewing the
record before us, we find appellants have not presented summary judgment proof
of Garibay=s bias against the Franco family, thus no
fact issue was presented.  The showing of
a pre-existing relationship, without more, does not support a finding of
bias.  See Allison v. Fire Ins.
Exchange, 98 S.W.3d 227, 255 (Tex. App.CAustin 2002, pet.
granted, judgm=t vacated w.r.m.); Gardner v. State
Farm Lloyds, 76 S.W.3d 140, 143-44 (Tex. App.CHouston [1st
Dist.] 2002, no pet.).  Here, the summary
judgment evidence shows that Garibay was hired by Southland Ato examine the
premises@ and Adetermine the
cause of the damage, possibly from a reported sink drain line leak.@  Garibay was not an employee of Slavonic, and
Garibay=s report and
conclusions regarding the cause of the plumbing leak were his own.  There is no evidence suggesting that Slavonic
influenced or exercised control over Garibay, that Garibay had a financial
interest in Franco=s claim, or that Garibay=s previous
inspection of the premises somehow factored into his damages valuation.  Moreover, the final appraisal award was
entered into by  Kubala, Franco=s appraiser, and
the umpire.  Viewing the evidence in the
light most favorable to appellants, the evidence does not raise a fact issue as
to Garibay being biased against appellants. 








Appellants further
allege that Apayment of an appraisal award is not
dispositive of the Franco Family=s entire breach of
contract cause of action against Slavonic Mutual.@  Slavonic counters that the appraisal award is
binding and enforceable.  The summary
judgment record reveals that Slavonic did not deny Franco=s claim.  Rather, Slavonic paid the full amount of the
appraisal award to Franco, and Franco accepted payment of the award.  The award is binding and enforceable.  Under these circumstances, appellants are
estopped by the appraisal award from maintaining a breach of contract claim
against Slavonic.  See Gardner, 76
S.W.3d at 143-44 (affirming summary judgment where there was no evidence
raising a fact issue about whether the insurer=s appraiser lacked
independence).  We hold summary judgment
was proper in favor of Slavonic on appellants= breach of
contract claim.  

We overrule
appellants= second issue.  

C.      Appellants= Extra-Contractual
Claims Against Slavonic and Walzel

In issue three,
appellants contend Slavonic=s motion for
summary judgment did not conclusively establish that there are no genuine
issues of material fact as to any element of appellants= extra-contractual
causes of action.  Specifically,
appellants argue that Franco and Villanueva=s lack of knowledge
regarding the breaches and/or violations is not dispositive of the merits of
their extra-contractual causes of action.








With regard to
appellants= extra-contractual claims, Slavonic and
Walzel moved for summary judgment based on the following grounds:  (1) there is no evidence that Slavonic or
Walzel misrepresented the terms of the policy or made any false
representations, statements, or advertisements concerning coverage afforded by
the policy; (2) the summary judgment evidence shows there was no false
advertisement or misleading or false statement or representation made to Franco
in the sale of the insurance policy; (3) any misrepresentations or fraud
regarding the policy=s coverage when it was purchased would
have occurred, if at all, in February 1996 and are barred by limitations; (4)
any misrepresentations made concerning the policy or appellants= claim were not
the producing cause of any damages to appellants because Slavonic paid the
amount of the loss as determined by the appraisal; (5) even if Slavonic denied
appellants= claim, the damage resulting from the
plumbing leak was not a covered loss or was specifically excluded from coverage
by the policy; (6) there is no evidence Slavonic failed to meet the time
deadlines imposed by article 21.55, or, alternatively, the summary judgment
evidence conclusively established Slavonic met the time deadlines of article
21.55; and (7) there is no evidence that appellants sustained bodily injury or
that Slavonic or Walzel acted criminally, negligently, recklessly,
intentionally, or knowingly to cause any bodily injury.








In response,
appellants cite to the following evidence as raising a fact issue with regard
to Slavonic=s alleged violations of article 21.21 of
the Texas Insurance Code and the DTPA in the sale of the policy:  (1) Villanueva=s deposition
testimony that he was told the policy Awas a standard
policy that homeowners have@ and that he was
led to believe that they Ahad the max[imum]@ coverage; and (2)
Franco=s deposition
testimony that she thought the Slavonic policy was the same as any other
insurance policy, and that this evidences an omission of fact regarding the
policy by Slavonic=s representative.  Appellants further  contend the following evidence shows Slavonic
and Walzel violated the Insurance Code and the DTPA during the claim-handling
process:  (1) Franco=s deposition
testimony that King told her that the policy covers damage from plumbing leaks
so long as the plumbing leak is above the foundation slab; and (2) Villanueva=s testimony, in
response to being asked what was the first conversation he recalled having with
Walzel, that AI don=t recall the first
one.  I know a conversation was related
to the - - where we weren=t happy about what was going to be done to
the house and we had - - God, I can=t recall, but I
know his response was, >Well, you hired an appraiser.  He needs to represent ya=ll now.=@ Additionally,
appellants cite the following evidence as proof showing they were met with
resistance and delay: (1) Franco=s testimony that
Slavonic Atook forever@ to name their
appraiser, and that when she disputed Garibay as the appraiser, that it took
another 20 to 30 days, Asomewhere around there,@ to rename
Garibay; and (2) Villanueva=s testimony that
he felt Anothing was
getting resolved.@ 
Finally, appellants cite to Walzel=s deposition
testimony in which he states that he does not know the provisions of article
21.21 Aoff the top of
[his] head@ as evidence that Walzel Ahas a complete
lack of understanding with regard to the provisions and requirements of [the]
Texas Insurance Code.@

1.       Walzel=s No-Evidence
Motion for Summary Judgment

The only evidence
appellants cite in support of their extra-contractual claims asserted against
Walzel are (1) Walzel=s statement that he did not know the
specific provisions of article 21.21 of the Texas Insurance Code off the top of
his head, and (2) Villanueva=s statement that
Walzel told them to contact their appraiser during the appraisal process.  Appellants do not explain how these
statements raise a fact issue on their article 21.21, DTPA, and negligence
claims alleged against Walzel.  We
conclude the two cited statements do not raise a fact issue on appellants= extra-contractual
claims alleged against Walzel. 
Additionally, the record shows appellants did not present any evidence
of bodily injury or any evidence that Walzel acted criminally, negligently,
intentionally, or knowingly to cause any bodily injury.  Accordingly, we overrule appellants= issue three as to
Walzel.  

2.       Article
21.55 Violations

We next address
appellants= article 21.55 claims against
Slavonic.  Appellants do not complain on
appeal of the summary judgment in favor of Slavonic on their article 21.55
claims.  Furthermore, viewing the
evidence in the light most favorable to appellants, there is no evidence
raising a fact issue about Slavonic=s compliance with
the time deadlines imposed by article 21.55. 
Accordingly, summary judgment in favor of Slavonic was proper on
appellants= article 21.55 claims.

3.       Statutes
of Limitations








Slavonic asserted
in its motion for summary judgment that appellants=
misrepresentation, fraud, DTPA, and article 21.21 claims stemming from alleged
misrepresentations made by Slavonic in the sale of the policy are barred by
statutes of limitations.

A defendant moving
for summary judgment on the affirmative defense of limitations has the burden
to conclusively establish that defense and must conclusively prove when the
cause of action accrued.  KPMG Peat
Marwick v. Harrison County Housing Finance Corp., 988 S.W.2d 746, 748 (Tex.
1999).  Additionally, a defendant must
negate the discovery rule, if it applies and has been pleaded or otherwise
raised, by proving as a matter of law that there is no genuine issue of
material fact about when the plaintiff discovered, or in the exercise of
reasonable diligence should have discovered, the nature of its injury.  If the movant establishes that the statute of
limitations bars the action, the nonmovant must then adduce summary judgment
proof raising a fact issue in avoidance of the statute of limitations.  Id.

Generally, a cause
of action accrues when a wrongful act causes an injury, regardless of when the
plaintiff learns of the injury.  Moreno
v. Sterling Drug, Inc., 787 S.W.2d 348, 351 (Tex. 1990).  We note that appellants did not respond to
Slavonic=s statute of
limitations summary judgment ground in the trial court or on appeal.  Because appellants did not raise the
discovery rule, Slavonic is not required to negate the applicability of the
discovery rule by proving as a matter of law that there is no genuine issue of
fact concerning the date when the Franco=s discovered or
should have discovered the injury.  Here,
the summary judgment evidence shows that Slavonic sold Franco the policy in
February 1996, and that this suit was filed June 14, 2001, over five years
later.  








We conclude
Slavonic proved as a matter of law that the statutes of limitations bar
appellants= fraud, negligent misrepresentation, DTPA,
and article 21.21 claims stemming from alleged misrepresentations Slavonic made
when the policy was purchased in 1996.  See
Tex. Bus. & Com. Code Ann. ' 17.565 (Vernon
2002) (providing two-year statute of limitations for claims filed under the
DTPA); Tex. Civ. Prac. & Rem. Code
Ann. '' 16.003, 16.004 (Vernon 2002)
(providing two and four-year statute of limitations, respectively, applicable
to causes of action for negligent misrepresentation and fraud); Tex. Ins. Code Ann. art. 21.21, ' 16(d) (Vernon
Supp. 2004) (providing two-year statute of limitations applicable to actions
brought under article 21.21).  We affirm
the summary judgment in favor of Slavonic on appellants= extra-contractual
claims stemming from the sale of the policy.

4.       Article
21.21 and DTPA Violations

Slavonic moved for
summary judgment on the ground that there is no evidence that appellants
suffered any damages from the alleged violations of article 21.21 and the
DTPA.  Appellants did not produce any
summary judgment evidence of damages in their response.  Accordingly, we conclude that summary
judgment in favor of Slavonic on these claims was proper.

5.       Other
Claims

Slavonic also
moved for summary judgment on the ground that there is no evidence that it
prevented Franco from remediating the damage to her home or caused the minor
appellants any injury.  Appellants did
not introduce any evidence in response to these grounds, nor do appellants
contest these grounds on appeal. 
Accordingly, we affirm the summary judgment on these grounds.  

We overrule
appellants= third issue.

II.       Southland=s Motion for
Summary Judgment








In issues four and
five, appellants argue summary judgment was improper for Southland[9]
because (1) Southland did not conclusively disprove appellants= Aextra-contractual@ causes of action;
(2) Southlands= no-evidence motion was legally
insufficient; and (3) fact issues precluded no-evidence summary judgment in
favor of Southland.  We first address
appellants= complaints regarding Southland=s no-evidence
motion.

Appellants argue
that the no-evidence motion is legally insufficient because it does not
identify the elements that are being challenged.  However, contrary to appellants= assertions,
Southland=s no-evidence motion adequately sets forth
the elements as to which there is no evidence, and we overrule this subissue.

In fact, Southland=s no-evidence summary
judgment motion specifically alleges that there is no evidence of damages with
regard to appellants= claims that Southland violated article
21.21 by:  wrongfully denying Franco=s claim; falsely
stating the policy does not cover the claim; not attempting in good faith to
effectuate a prompt, fair, and equitable settlement of the claim; not promptly
providing Franco a reasonable explanation of the basis for denial of the claim;
not affirming or denying coverage or submitting a reservation of rights;
refusing to pay the claim; and making untrue statements of material fact
concerning the policy=s coverage.  Southland=s motion further
alleges that there is no evidence of a knowing violation of article 21.21.  

With regard to
appellants= DTPA claims, Southland=s motion alleges
there is no evidence of damages or of unconscionable conduct.  As pertaining to appellants= negligence and
gross negligence claims, Southland=s motion argues
there is no evidence of bodily injury, no evidence of the breach of any legal
duty, no evidence that Southland=s conduct was the
proximate cause of bodily injury to appellants, no evidence that Southland
refused to allow appellants to repair their home, and no evidence of exemplary
damages.  The motion further asserts
there is no evidence Southland committed a felony under Texas Penal Code
section 22.04 in the work on Franco=s home.








Appellants, as the
non-movants, had the burden to raise a genuine issue of material fact as to the
elements challenged in Southland=s motion.  See Tex.
R. Civ. P. 166a(i).  In their
response to Southland=s motion, appellants only addressed the
no-evidence grounds pertaining to their alleged article 21.21 violations.  Because appellants did not present any
evidence in response to Southland=s no-evidence grounds
pertaining to appellants= DTPA, negligence, and gross negligence
claims, we affirm the summary judgment in favor of Southland, King, and
Afflitto on these claims.  See
Dolcefino, 19 S.W.3d 906, 917. 

We are left to
examine whether summary judgment was proper on appellants= article 21.21
claims.  The evidence appellants cite in
support of their claims under article 21.21 consists of the following: (1)
Franco=s deposition
testimony that King told her the policy covers damage from plumbing leaks so
long as the plumbing leak is above the foundation slab; (2) Franco=s testimony that
she took out a loan with her attorney and hired a company to come out and
prepare a scope of remediation with regard to mold in her home; (3) a letter
dated October 26, 2000, from Afflitto to Kubala discussing the relevant policy
provisions and notifying appellants that Slavonic=s offer of
$4,002.42 would be left on the table for an additional thirty days; and (4) a
fax cover sheet dated October 24, 2000, from Afflitto to Walzel, concerning
records from Garibay. 

One of the grounds
in Southland=s motion is that there is no evidence of
damages caused by the alleged article 21.21 violations.  Section 16(a) of article 21.21 provides:

Any person who has sustained actual damages caused by another=s engaging in an
act or practice declared in Section 4 of this Article to be . . . unfair or
deceptive acts or practices in the business of insurance . . . may maintain an
action against the person or persons engaging in such acts or practices.








Tex. Ins. Code
Ann.
art. 21.21, ' 16(a) (Vernon Supp. 2004).  Here, appellants offer Franco=s statement that
she obtained a loan from her attorney for scope of remediation work conducted
at her home as evidence of damages. 
However, this evidence is not connected to the article 21.21 claims (or
any other claim for that matter) and, therefore, does not raise a fact issue as
to whether appellants sustained damages attributable to their alleged article
21.21 claims.  Because appellants did not
present evidence raising a genuine issue of material fact as to damages, we
conclude summary judgment in favor of Southland, King, and Afflitto was proper
on appellants= article 21.21 claims. 

Because we
conclude that no-evidence summary judgment was proper in favor Southland, King,
and Afflitto on all of appellants= causes of action,
we do not address the remaining summary judgment grounds.  Accordingly, we overrule appellants= fourth and fifth
issues and affirm the summary judgment in favor of Southland, King, and
Afflitto. 

We
affirm the judgment of the trial court.

 

 

/s/      John S. Anderson

Justice

 

 

Judgment rendered and Opinion filed December 16, 2004.

Panel consists of Justices Anderson, Hudson, and Frost.

 











[1]  In 1996,
Franco purchased a fire and extended coverage insurance policy from Slavonic to
insure her home, and this same policy had been renewed each year and was in
effect in June 2000.  





[2]  During the
appraisal process, Slavonic offered Franco $4,002.52 to compromise the claim,
but this offer was not accepted.





[3]  Appellants did
not seek in their petition to set aside the appraisal award. 





[4]    Slavonic asserted the plumbing leak claim was
not covered by the policy because of a specific provision in the policy
governing coverage for accidental water damage:

 

ACCIDENTAL WATER DAMAGECWater damage is limited to a loss of a sudden nature
or circumstance.  . . .  

 

Water damage covers loss above foundation from
accidental discharge, leakage, or overflow of water or steam from within a
plumbing, heating or air-conditioning system or domestic appliance . . . .  

 

This
Association shall not be liable for loss caused directly or indirectly by . . .
(4) by continuous or repeated seepage or leakage over a period of weeks,
months, years[.]





[5]  Slavonic=s motion raises both traditional and no-evidence
grounds, and appellants concede the rules do not prohibit a hybrid summary
judgment motion such as Slavonic=s.





[6]  Appellants did
not identify in their special exception (or on appeal) the particular grounds
in Slavonic=s motion that lack specificity.   We recognize that Slavonic=s motion is not a model of clarity C the motion does not set forth the applicable
standards of review under Rule 166a(c) and (i) and does not segregate the
traditional from the no-evidence grounds; however, the motion does comply with
Rule 166a in stating the grounds and sufficiently puts appellants on notice of
the claims and causes of action being challenged by appellees.  The better practice is to file two separate
motions or to file one document containing both motions but with the arguments
and authorities for each clearly delineated and separated from one
another.  For example, Southland=s motion also was a hybrid, but it clearly segregated
the traditional from the no-evidence grounds.





[7]  Notably,
appellants do not allege a cause of action to set aside the appraisal award in
their petition.  The claims and facts
alleged in appellants= live petition focus on alleged misrepresentations
made by appellees concerning the policy and the alleged mishandling of Franco=s claim. 
However, despite not having alleged a cause of action to set aside the
award, appellants are not barred from raising the issue of the appraisal award=s validity for the first time in their summary
judgment response, and this issue was properly before the trial court and is
subject to review by this court.  See
Womack v. Allstate Ins. Co., 156 Tex. 467, 473, 296 S.W.2d 233, 237 (1956)
(holding when summary judgment proof discloses facts rendering summary judgment
untenable for the moving party, summary judgment should be denied regardless of
defects in the pleading of the non‑movant); Patterson v. First Nat.
Bank of Lake Jackson, 921 S.W.2d 240, 244 (Tex. App.CHouston [14th Dist.] 1996, no writ) (holding same).





[8]   In the last
section of their summary judgment response entitled, AJed Walzel=s
deposition reveals a total lack of adherence to the Insurance Code,@ appellants allege that Slavonic allowed Garibay Ato avoid actually participating in the process and to
completely neglect even submitting an appraisal for either Plaintiffs= appraiser=s
consideration or the umpire=s consideration@ and
that this Areveals a total lack of adherence to the Insurance
Code, as well as a lack of adherence to the insurance contract at issue.@  Appellants do
not allege anywhere in their response to Slavonic=s motion
that the appraisal award should be set aside because Garibay allegedly did not
substantially comply with the procedure for the appraisal process.





[9]  References in
this section to ASouthland@ also
include King and Afflitto.